727 A.2d 539

## In re Patricia Anne PEERY, an alleged incapacitated person.

## Appeal of Patricia Anne Peery.

Supreme Court of Pennsylvania.

Argued Nov. 18, 1998.

Decided March 25, 1999.

Carl J. Mollica, State College, for Patricia Anne Peery.

Thomas E. Coval, Willow Grove, for David B. Peery.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This case arose from a petition for declaration of incapacity and appointment of a guardian. The trial court dismissed the petition, finding that, although appellant is mentally impaired,

she is not in need of guardianship services. Superior Court reversed, holding that the trial court failed to distinguish between the two separate and discrete conclusions required by 20 P.S. § 5512.1 (the guardianship statute). Superior Court held that the trial court erred by failing to make separate findings as to the statutory issues: (1) appellant's incapacity and (2) appellant's need for a guardian. The court remanded to conduct another hearing limited to the issue of her need for a guardian. We reverse, holding that the proceedings in the trial court fulfilled the statutory requirements and that Superior Court's disposition unnecessarily elevated form over substance.

The factual background is as follows. David Peery (respondent) filed a petition to have his sixty-year-old sister, Patricia Ann Peery, declared incapacitated and in need of a guardian. After a hearing pursuant to the guardianship statute,[1] the trial judge found that appellant's low I.Q. did not render her incapable of self-care, but required her to depend on others in regard to her health, welfare, safety, and medical needs. The court also found that Miss Peery's needs were being met with the help of individuals already assisting her. The trial judge

---

1. 20 Pa.C.S. § 5512.1 states, in pertinent part:
   (a) **Determination of incapacity.**—In all cases, the court shall consider and make specific findings of fact concerning:
     (1) The nature of any condition or disability which impairs the individual to make and communicate decisions.
     (2) The extent of the individual's capacity to make and communicate decisions.
     (3) *The need for guardianship services, if any, in light of such factors as the availability of family, friends and other supports to assist the individual in making decisions. . . .*
     (4) The type of guardian, limited or plenary, of the person or estate needed based on the nature of any condition or disability and the capacity to make and communicate decisions. . . .
       . . . .
   (b) **Limited guardian of the person.**—Upon a finding that the person is partially incapacitated *and* in need of guardianship services, the court shall enter an order appointing a limited guardian of the person with powers consistent with the court's findings of limitations. . . .
   (c) **Plenary guardian of the person.**—The court may appoint a plenary guardian of the person only upon a finding that the person is totally incapacitated *and* in need of plenary guardianship services.
   (Emphasis added).

indicated that he was impressed with the support system which existed to assist Miss Peery, finding that her caretakers were extremely devoted and reliable. He also found that Miss Peery was satisfied with her living arrangements and that she does not wish to see her brother. Accordingly, the court determined that appellant did not need the guardianship services of respondent because the services already available to her meet the essential requirements for her physical health and safety and for managing her financial resources. The court dismissed the petition for adjudication of incapacity and appointment of a guardian. The trial court found:

> This Court need not look to whether Ms. Peery can manage her personal financial resources or meet essential requirements for health and safety on her own. Rather, the proper inquiry is whether Ms. Peery has in place a circle of support to assist her in making rational decisions concerning her personal finances and to meet essential requirements of health and safety. This Court will not disturb Ms. Peery's wishes as long as her decisions are rational and result in no perceivable harm to her.
>
> *Considering the evidence presented at the hearing, this Court is satisfied Ms. Peery does not require a guardian.* The supports available to Ms. Peery assist her in making decisions and in meeting her essential needs. *The evidence presented amply demonstrates the services available to Ms. Peery meet the essential requirements for her physical health and safety and of managing her financial resources.*

*In re Peery,* CCP of Centre County, no. 14–94–9, slip op. at 10, February 22, 1996 (emphasis added). The trial court clearly stated its finding that Miss Peery does not require a guardian. Moreover, the record of the hearing abundantly supports that finding.

On appeal, a divided panel of Superior Court reversed the order dismissing the petition and remanded for a hearing to determine whether Miss Peery needs to have a guardian appointed.

The standard of review is as follows:

[T]he Court is bound by the trial judge's findings of fact unless those findings are not based on competent evidence. Conclusions of law, however, are not binding on an appellate court whose duty it is to determine whether there was a proper application of law to fact by the lower court. *Lawner v. Engelbach*, 433 Pa. 311, 249 A.2d 295 (1969).

*2401 Pennsylvania Avenue Corp. v. Federation of Jewish Agencies*, 507 Pa. 166, 489 A.2d 733, 736 (1985). Superior Court committed error by refusing to accept findings of fact by the trial court though the facts were amply supported by competent evidence in the record.

█ It is clear from the record that the trial court decided the closely related issues of incapacity and Miss Peery's need for a guardian; however, the court inauspiciously referred to the dual issues of incapacity and the need for a guardian as "the issue of whether Ms. Peery needs a guardian," making no mention of incapacity as a separate issue. In remanding "for consideration of whether a guardian for Ms. Peery should be appointed," Superior Court appears to have overlooked the fact that the trial court had already decided that issue when it held that no guardian was necessary.

In addition, Superior Court interprets the guardianship statute to require trifurcation in this case—that is, the trial court should have first decided (1) whether Miss Peery is incapacitated, then (2) whether a guardian should be appointed, then (3) who the guardian should be. In essence, Superior Court would prohibit the integration of the first two elements—the issues of incapacity and the need for a guardian.

According to appellant, her ability to meet her needs without a guardian means, by definition, that she is not statutorily incapacitated. This is appellant's interpretation of the statutory section governing the determination of incapacity, 20 Pa. C.S. § 5512.1(a) (quoted *supra* at n. 1): "(a) Determination of incapacity.—In all cases, the court shall consider and make specific findings of fact concerning ... (3) The need for guardianship services, if any, in light of such factors as the

availability of family, friends and other supports to assist the individual in making decisions. . . ."

The issue of incapacitation is complicated, however, by the statutory definition of "incapacitated person," which states: " 'Incapacitated person' means an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that he is partially or totally unable to manage his financial resources or to meet essential requirements for his physical health and safety." The definition does not refer to the availability of the support of kin or friends which enables an impaired person to care for himself without a guardian. It might therefore be said that a person might be incapacitated but not in need of a guardian. On the other hand, the statutory procedure for the determination of incapacity, 20 Pa.C.S. § 5512.1(a), *requires* the court, in determining incapacity, to weigh the available support of others. We have no difficulty concluding, therefore, that a person cannot be deemed incapacitated if his impairment is counterbalanced by friends or family or other support.

The critical fact is whether or not the alleged incapacitated person needs a guardian. If the court finds that a person does not need a guardian, it does not matter whether he is incapacitated—the court cannot proceed to the appointment of a guardian. A guardian is appointed only "[u]pon a finding that the person is partially incapacitated *and* in need of guardianship services," 20 Pa.C.S. § 5512.1(b) (emphasis added), or "upon a finding that the person is totally incapacitated *and* in need of plenary guardianship services," 20 Pa.C.S. § 5512.1(c) (emphasis added). It is quite clear from 20 Pa. C.S. §§ 5512.1(b) and (c) that appointment of a guardian must follow dual findings of incapacity *and* a need for guardianship services. In this context, therefore, whether or not Miss Peery was incapacitated was immaterial, since it was found upon competent evidence that she did not need guardianship services.

We will therefore vacate the order of the Superior Court and reinstate the order of the court of common pleas.

Order of Superior Court vacated and order of the court of common pleas reinstated.