# Orphans' Court Procedural Rules Committee Report

**Amendment of Pa. O.C. Rules 1.5 & 5.10-5.12; Rescission of Pa. O.C. Rules 14.1-14.5 and Orphans' Court Forms G-01 through G-04; Adoption of New Pa. O.C. Rules 14.1-14.14 and Orphans' Court Forms G-01 through G-07; and Amendment of the Index to the Appendix**

On June 1, 2018, the Supreme Court of Pennsylvania adopted a comprehensive rewrite of the Pennsylvania Orphans' Court Rules related to guardianship proceedings pursuant to Title 20, Chapters 55 and 59. The rules were previously published for comment at 47 Pa.B. 5930 (September 23, 2017); 47 Pa.B. 4815 (August 19, 2017); and 46 Pa.B. 7934 (December 17, 2016).

Contained within this Report is the Orphans' Court Procedural Rules Committee's commentary related to the new rules. Please note that the Court does not adopt the Committee's commentary.

## Rule 1.5 Local Rules

Through amendment of Rule 1.5 and operation of Order, No. 771 Supreme Court Rules Docket (June 1, 2018), all previously promulgated local rules concerning guardianship proceedings are vacated, effective June 1, 2019. For a local guardianship rule of procedure to be effective on June 1, 2019, it must be deemed necessary by the judicial district in light of the new statewide rules and be submitted to the Orphans' Court Procedural Rules Committee no later than December 1, 2018. This deadline is calculated to afford the Committee sufficient time to review the local rules, respond to the judicial district, and permit publication in the *Pennsylvania Bulletin* pursuant to Pa.R.J.A. No. 103(d). Submissions after December 1, 2018 will be accepted; however, the Committee may not be able to give late submissions sufficient priority to clear the review process before June 1, 2019. The effective date of the new local rules and new Chapter IV rules should coincide, *i.e.*, June 1, 2019.

## Rules 5.10-5.12 Transactions Related to Real Property

Cross-references to Rule 14.10 were added to the Notes when the transaction involves the real property of an incapacitated person.

**Rule 14.1 Guardianship Petition Practice and Pleading**

A number of comments inquired as to the extent that the requirements in Chapter III of the Pennsylvania Orphans' Court Rules concerning petition practice and pleading requirements would apply to guardianship proceedings. Rule 14.1 was crafted to place different requirements on petitions for the adjudication of incapacity and appointment of a guardian on one hand and all other petitions on the other hand. Paragraph (a) incorporated by reference and applied specific aspects of Chapter III to petitions for adjudication and appointment. Paragraph (b) provided for the filing of responsive pleadings in these proceedings, but does so on a limited basis and subject to a shorter time frame than Chapter III. While the Committee did not believe that such pleadings were going to be used frequently, a procedural mechanism should exist for contested guardianship proceedings.

It should be noted that responsive pleadings under paragraph (b) are permissive and not required – there are no "default judgments" with respect to the adjudication of incapacity. Further, the paragraph was not intended to preclude the judge from hearing objections first raised at the adjudicatory hearing. Finally, the judge was to decide the objections at the adjudicatory hearing rather than delaying that hearing with another to determine objections.

For all other petitions, paragraph (c) operates to apply the Chapter III requirements to those pleadings, subject to the modification of "interested party." The Committee recognizes that Chapter III imposes more formal requirements on what were often informal proceedings. However, the provisions of Chapter III were designed to afford due process to all involved, and the Committee believes that petition practice in guardianship matters required no less protection. As observed in the Explanatory Comment, the requirements were not intended to preclude a petitioner from seeking relief on an emergency or expedited basis when circumstances warrant departure from strict adherence to the Chapter III requirements.

Paragraph (d) was intended to provide a procedure for a person to seek permission to intervene in a proceeding. This mechanism was crafted as recognition that those entitled to service pursuant to Rule 14.2(f) may not include all potentially aggrieved parties, *e.g.*, business partner, fiancé, best friend.

**Rule 14.2 Petition for Adjudication of Incapacity and Appointment of a Guardian of the Person or Estate of an Incapacitated Person**

The required content of a petition set forth in the rule was intended to include those requisites set forth in 20 Pa.C.S. § 5511(c) as well as information to assist the court in determining capacity, the need for a guardian, the appointment of a guardian for

the estate and/or the person, and the scope of a guardianship, as the case may be. An additional requirement was the identification of any person or persons who are to receive notice of the filing of reports.

Concerning persons who should be identified in and served with the petition, the Committee studied the interplay of Chapters 54, 55, 56, and 58 of Title 20. When a person has nominated a guardian in an instrument or there is a surrogate decision maker, it opens a number of residual issues. First, if a principal nominates a guardian pursuant to a power of attorney, a health care power of attorney, an advance health care directive (which is a combination of a living will and a health care power of attorney), a mental health care declaration, or mental health power of attorney, then the court must appoint that person as guardian except for good cause or disqualification. *See* 20 Pa.C.S. § 5604(c)(2) (power of attorney); 20 Pa.C.S. § 5460(b) (health care power of attorney); 20 Pa.C.S. § 5422 (defining "advance health care directive"); 20 Pa.C.S. § 5823 (mental health declaration); 20 Pa.C.S. § 5841(c) (mental health power of attorney); *see also* Pa. O.C. Rule 14.6(b). Moreover, the court must determine the extent to which an agent's authority to act remains in effect under a power of attorney or a health care power of attorney. *See* 20 Pa.C.S. § 5604(c)(3); 20 Pa.C.S. § 5460(a); *see also* Pa. O.C. Rule 14.7(a)(1)(ii). Notably, if a principal who has executed a mental health power of attorney is later adjudicated an incapacitated person, the mental health power of attorney shall remain in effect. 20 Pa.C.S. § 5841(b)(1).

Second, in addition to the above-agents, there may be surrogate decision makers pursuant to a living will or by operation of law. *See* 20 Pa.C.S. § 5447 (a living will can contain a designation of a health care agent if the principal is incompetent and has an end-stage medical condition or is permanently unconscious); 20 Pa.C.S. § 5461 (a health care representative can make decisions for an incompetent person if the person does not have a health care power of attorney or a guardian has not been appointed for the person). These surrogate decision makers have an interest in the proceeding because the powers they currently exercise will be affected by a guardianship.

Therefore, the rules require that all these agents should be first identified in the petition pursuant to Rule 14.2(a)(6)-(a)(8). Rather than reference the myriad statutes by individual citation, the rule text references the applicable Chapter in Title 20. To the extent that writings exist related to the agent's authority, the writings are to be appended to the petition pursuant to Rule 14.2(c)(1). Further, these agents are to be served with the petition pursuant to Rule 14.2(f)(2)(iii).

Rule 14.2(a)(16) is intended to identify in the petition who should receive notice of the filing of the inventory and reports. This is a new statewide procedure. The court's order adjudicating incapacity and appointing a guardian is required to contain those entitled to receive notice of the filing of those reports. *See* Pa. O.C. Rule

14.7(a)(1)(iv). The notice of filing is required to be served on those entitled to receive notice after a report is filed. *See* Pa. O.C. Rule 14.8(b). The form of the notice of filing is set forth in Form G-07. A person entitled to receive the notice of filing may then access and view the report filed by presenting the notice to the clerk of the orphans' court.

Paragraph (b)(1) requires the petitioner to identify those individuals who will have direct responsibility for the alleged incapacitated person if the proposed guardian is an entity. This paragraph also requires the principal of the entity to be identified. Designating those persons having direct responsibility may be challenging at this stage in a guardianship proceeding, but doing so is necessary for the purpose of the criminal record check requirement. For those entities using a team approach or rotating assignments, identification of all likely individuals will be necessary.

Paragraph (b)(4) requires the petition to include whether the proposed guardian has completed any guardianship training. Paragraph (b)(5) requires disclosure of whether the proposed guardian is certified and any disciplinary history related to the certification. Paragraph (b)(6) requires the petitioner to include the current caseload for the guardian. Such information will assist the judge in the guardian selection process.

Rule 14.2(f)(2)(i) was revised post-publication to specifically limit service to only *sui juris* intestate heirs rather than both *sui juris* and non-*sui juris* heirs. This aligns the rule more closely with the statute. *See* 20 Pa.C.S. § 5511(a).

## Rule 14.3 Alternative Proof of Incapacity: Expert Report in Lieu of In-Person or Deposition Testimony of Expert

In 2015, the Committee published for comment the Task Force's proposed form entitled "Deposition by Written Interrogatories of Physician or Licensed Psychologist" as part of a larger package of forms. *See* 45 Pa.B. 1070 (March 7, 2015). In 2016, the Committee published proposed new Rule 14.6 and a revised form for comment. *See* 46 Pa.B. 2306 (May 7, 2016). Retitled "written deposition," the proposed form was intended to be completed by the evaluator and reflect the evaluator's assessment of the capacity of the alleged incapacitated person. *See also* 20 Pa.C.S. § 5518. After considering additional feedback, the Committee further refined the report and form, which were republished for comment. *See* 47 Pa.B. 5930 (September 23, 2017).

## Rule 14.4 Counsel

This rule was crafted to establish the scope of counsel's services before commencement of the proceedings in order to avoid confusion about the role of

counsel. While the rule requires private counsel to set forth information regarding fees in the engagement letter, the reasonableness of all fees incurred on behalf of the alleged incapacitated person, whether attributed to private counsel or appointed counsel, are subject to court review.

Paragraph (a) incorporates the statutory requirement that the petitioner inform the court seven days prior to the adjudicatory hearing whether the alleged incapacitated person has counsel. *See* 20 Pa.C.S. § 5511(a). Relatedly, the paragraph contains a requirement that the petitioner notify the court if the alleged incapacitated person requested counsel and one has not yet been retained.

Paragraphs (b)-(d) are intended to memorialize the scope of counsel's services before commencement of the proceedings in order to avoid confusion about the role of counsel. Paragraph (b) also requires private counsel to set forth information regarding fees in the engagement letter.

## Rule 14.5 Waiver or Modification of Bond

This rule is not intended to encourage waiver or modification of bonds. Rather, it is intended to establish a procedure and standard for waiver and modification. Paragraph (b) permits the waiver or modification for good cause. Examples of "good cause" are contained in the Explanatory Comment. Paragraph (c) requires the court to consider the necessity and means of how "good cause" can be demonstrated in the future to provide assurance that "good cause" continues to exist.

## Rule 14.6 Determination of Incapacity and Selection of Guardian

In paragraph (b), the Committee opted to incorporate by reference the statutory procedures for determining incapacity and appointing a guardian. Within 20 Pa.C.S. § 5511 there are other provisions that also could be replicated within the rules, such as closed hearings, jury trial, and the authority of the court to order an independent evaluation. Likewise, 20 Pa.C.S. § 5512.1 sets forth required findings to be made by the court regarding incapacity and the need for a guardianship. Yet, the Committee believed that the rules and Chapter 55 of Title 20 should be read *in pari materia* with each supplementing the other as to procedure. The Note to paragraph (a) contains reference to *In re Peery*, 727 A.2d 539 (Pa. 1999), as a reminder that a guardian is not required if the person, albeit lacking capacity, does not need guardianship services.

**Rule 14.7 Order and Certificate**

Rule 14.7 was created to set forth topics that all orders must address, see paragraph (a)(1), and language that all orders must contain, see paragraph (a)(2); 20 Pa.C.S. § 5512.1(h) ("At the conclusion of a proceeding in which the person has been adjudicated incapacitated, the court shall assure that the person is informed of his right to appeal and to petition to modify or terminate the guardianship."). Regarding guardianships of the estate, paragraph (b)(1) requires orders to address bonding requirements and the authority of the guardian to spend principal without prior court approval. Paragraph (b)(2) requires all orders for guardian of the estate to contain language substantially in the form provided. The model language in paragraph (b)(2) is intended to address a recurring issue with financial institutions not readily permitting a guardian to have access to the incapacitated person's accounts or allowing the estate guardian to conduct transactions on behalf of the incapacitated person. Given that a financial institution may have branches in multiple counties, the Committee believed that similar model language should be used in every order to provide for consistent recognition and uniform effect.

**Rule 14.8 Guardianship Reporting, Monitoring, Review, and Compliance**

The requirement and timing of guardian reports and inventory required by statutes are reflected in Rule 14.8(a). *See* 20 Pa.C.S. §§ 5142, 5521(b), (c), 5921(f)(2). The forms to be used for reporting and inventory are set forth in the Appendix. Paragraph (a)(4) requires the filing of a final report when an order of limited duration has expired, which is intended to capture guardianships of finite duration pursuant to 20 Pa.C.S. § 5512.1(a)(5) (requiring the court to specify duration of guardianship), rather than emergency guardianships that terminate as a matter of statute pursuant to 20 Pa.C.S. § 5513.

When a guardian has filed a reporting form or inventory form with the clerk, Rule 14.8(b) requires the guardian to serve notice of the filing on all persons entitled to receive such notice, as identified in the court's order. The notice of filing (Form G-07) instructs the recipient that a copy of the notice along with proper identification will be required to access and view the filed documents.

The Committee considered a request to include a reference to the "Guardianship Tracking System" (GTS) in Rule 14.8. The GTS is an online system being developed by the Administrative Office of Pennsylvania Courts that will provide the means for guardians to file reports and update information online as opposed to the current paper process. The GTS is intended to standardize reporting, prevent mistakes, and ensure complete reports. It will store and carryover information from year-to-year, which is intended to facilitate the filing of subsequent reports. Further, the GTS can track

6

information and flag accounts when inputted data falls outside of established parameters, which is intended to enhance guardianship monitoring. After the GTS is implemented on a statewide basis, then the rules will be amended to reflect to the availability of the system.

**Rule 14.9 Review Hearing**

Rule 14.9 permits the court to order a review hearing *sua sponte* or upon petition. When a review request is initiated by petition, the petitioner must comply with the requirements of paragraphs (b) and (c) relating to petition contents and service. Notice of the hearing, whether ordered *sua sponte* or prompted by petition, should be served on those who are or would be entitled to service of the guardianship petition.

**Rule 14.10 Proceedings Relating to Real Property**

Rule 14.10(a) is virtually identical to previous Pa. O.C. Rule 14.4. "Real estate" was replaced with "real property" to make the Rule consistent with Rules 5.10-5.12. Given the uniqueness, irreplaceability, and reliance that may be placed upon a sale, exchange, lease, or option of same, as well as a mortgage, of real property, paragraph (b) provides the means of bringing potential objections to the court's attention at the time of the petition.

**Rule 14.11 Transfer of Guardianship of the Person to Another State**

In 2012, the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act, 20 Pa.C.S. §§ 5901-5992, was enacted to govern the interstate judicial coordination of guardianships. Within the Act, Subchapter C provides for the transfer of guardianships from and to Pennsylvania. Rule 14.11 is intended to establish procedural rules implementing 20 Pa.C.S. § 5921 as it relates to guardianships of the person. Rule 14.12 is intended to establish similar rules for guardianships of the estate.

As indicated in the Explanatory Comment, a petition under Rule 14.11 relating to the guardianship of the person may also include a transfer request as provided in Rule 14.12 relating to the guardianship of the estate. This ability to present both matters in one petition was intended to eliminate the need to file multiple petitions. However, this ability will not relieve the petitioner of pleading all the necessary facts required of each specific petition.

Paragraph (a)(4) contains "likely" with the intention that likelihood may be established by evidence of the other state having procedures similar to Rule 14.13

(Acceptance of a Guardianship Transferred from Another State).  Per the National Conference of Commissioners on Uniform State Laws' website, as of May 24, 2018, Florida, Texas, Michigan, and Kansas were the only states that had not enacted legislation based upon the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act.

**Rule 14.12 Transfer of Guardianship of the Estate to Another State**

See the Committee's remarks regarding Rule 14.11.

**Rule 14.13 Acceptance of a Guardianship Transferred from Another State**

Rule 14.13 is intended to provide a procedure for the transfer of a guardianship from another state to Pennsylvania.  This rule is intended to implement 20 Pa.C.S. § 5922.  Paragraph (a)(3) was added to require the petition and order determining the initial incapacity be attached.  The Committee believed this was important information for the receiving court to possess.  Further, this information might be helpful in determining whether a modification hearing may be necessary.  Consistent with the reporting requirements applicable to guardianships commenced within Pennsylvania, a guardian of the transferred estate would be required to file an inventory within 90 days of the final order.

**Rule 14.14 Forms**

There are nine statewide forms associated with this Chapter, two of which (OC-03 and OC-04) are also associated with Pa. O.C. Rule 2.4 in Chapter II.  Rule 14.14(f) and (g) are intended to incorporate those forms by reference.  Likewise, Forms OC-03 and OC-04 are not replicated within the Appendix to Chapter XIV; rather, they are incorporated by reference.  Those forms (OC-03 and OC-04), revised and re-promulgated on September 1, 2016, are not being revised, rescinded, or replaced by this recommendation.

The Citation with Notice form is largely the same content as the current form with now 14-point font to address the requirement of "large type."  *See* 20 Pa.C.S. § 5511(a).  As with all forms, the "footer date" on the form will reflect the effective date as established by Supreme Court order.

The Report of Guardian of the Estate (G-02), the Report of Guardian of the Person (G-03), and the Guardian's Inventory for an Incapacitated Person (G-05) forms

were previously published for comment at 45 Pa.B. 1070 (March 7, 2015). The forms were republished at 46 Pa.B. 7934 (December 17, 2016).

Presently, the "inventory form" is a dual use form - it is used for guardianships of incapacitated persons and for guardianships of minors, 20 Pa.C.S. § 5142 (requiring filing of an inventory for minors). The new "inventory form" was designed specifically for guardianships of incapacitated persons under Chapter 55 and the Guardianship Tracking System. To accommodate the continued use an "inventory form" for guardianships of minors under Chapter 51, current Form G-04 is retitled and revised to remove mention of incapacitated persons. Form G-05 will be the new "inventory form" for incapacitated persons.

The Notice of Filing (G-06) was published for comment at 45 Pa.B. 1070 (March 7, 2015) and 46 Pa.B. 7934 (December 17, 2016). The most significant change to the form, aside from formatting, was this re-designation from a "certificate of filing" to a "notice of filing" to make it consistent with the existing Pennsylvania Orphans' Court Rules.

The Expert Report (G-07) was republished for comment. *See* 47 Pa.B. 5930 (September 23, 2017).

These forms will be posted permanently on the UJS website with the other orphans' court forms. *See* http://www.pacourts.us/forms/for-the-public/orphans-court-forms. The index to the appendix containing the forms is amended to reflect the new forms.


**Effective Dates**

There are two effective dates for these amendments with each having a different critical path. The GTS will rely upon data required by the reporting forms (Report of Guardian of the Estate (G-02), Report of Guardian of the Person (G-03), and the Guardian's Inventory for an Incapacitated Person (G-05)) being entered by users. To facilitate implementation of the GTS, the reporting forms are effective July 1, 2018. Additionally, the Guardian's Inventory for a Minor (G-04) is amended to remove reference to "incapacitated person." This amendment is also effective July 1, 2018.

The second effective date is the implementation of the rules and remaining forms (Citation with Notice (G-01), Notice of Filing (G-06), and Expert Report (G-07)), which have a longer critical pathway based largely on the submission and review of local rules. Accordingly, the effective date for the Rules and remaining forms is June 1, 2019.