J-S36018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: M.L. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.L. | : | No. 536 WDA 2022 |

Appeal from the Order Entered April 22, 2022
In the Court of Common Pleas of Jefferson County
Orphans' Court at No(s): 27-2019 O.C.

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED: March 2, 2023**

Appellant, M.L., appeals from the order entered in the Jefferson County Court of Common Pleas, Orphans' Court, denying his motion for reconsideration of the court's prior order deeming Appellant an incapacitated person under the Incapacitated Persons Statute[1] and appointing Appellee, Distinctive Human Services, Inc. ("DHS"), as the permanent plenary guardian of his person and estate. We affirm.

The relevant facts and procedural history of this case are as follows. After Appellant was charged with several criminal matters in Jefferson County, Appellant was evaluated for competency and deemed incompetent to stand

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 20 Pa.C.S.A. §§ 5501-5555.

trial. Appellant was subsequently deemed incapacitated by the Orphans' Court and DHS was appointed as guardian of Appellant's person and estate. This Court affirmed the adjudication of incapacity on June 8, 2020. ***See In re: Lellock***, 237 A.3d 1039 (Pa.Super. June 8, 2020) (unpublished memorandum). On August 12, 2021, DHS filed a petition for public sale of Appellant's real and personal property. Appellant filed a motion for continuance on September 2, 2021, requesting that the court allow him time to undergo an independent psychological evaluation prior to the hearing regarding his assets. The Orphans' Court granted Appellant's motion for continuance the next day.

On April 20, 2022, Appellant filed a motion titled "Motion for Reconsideration," which asked the court to vacate its prior decree of incapacity based on the psychological evaluation of Appellant by David LaPorte, Ph.D. Appellant attached Dr. LaPorte's report to his motion. On April 22, 2022, the court denied Appellant's motion for reconsideration, noting that the LaPorte report "confirms the correct decision was made regarding incapacitation due to the delusions as well as criminal actions taken by the incapacitated person when he was on his own." (Orphans' Court Order, filed 4/22/22). Appellant filed a timely notice of appeal on May 5, 2022. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on May 31, 2022.

Appellant raises the following issue for our review:

Whether the [Orphans' C]ourt erred in denying Appellant's motion for reconsideration without holding an evidentiary hearing.

(Appellant's Brief at 4).

On appeal, Appellant asserts that his motion for reconsideration was in essence a request for a review hearing pursuant to Rule 14.9(a) of the Pennsylvania Orphans' Court Rules. Appellant argues that although "Appellant's filing does not comport with some of the requirements of Rule 14.9(b), … the substance of the Rule was met." (**Id.** at 8). Appellant contends that once he raised claims of competency, the court was required to either make a determination of frivolity based on sound evidence or logic or hold a review hearing. Appellant insists that in denying his motion for reconsideration, the court neither determined that his motion was frivolous nor granted him a review hearing, depriving him of the opportunity to flush out the details of Dr. LaPorte's findings regarding the level of guidance and oversight Appellant required. Appellant concludes the court erred in denying his motion for reconsideration without an evidentiary hearing, and this Court should remand with directions that such a hearing be promptly scheduled. We disagree.

Our Supreme Court has applied the following standard of review to incapacity determinations:

> [T]he Court is bound by the trial judge's findings of fact unless those findings are not based on competent evidence. Conclusions of law, however, are not binding on an appellate court[,] whose duty it is to determine whether there was a

- 3 -

proper application of law to fact by the lower court.

*In re Peery*, 556 Pa. 125, 129, 727 A.2d 539, 540 (1999) (internal citations omitted).

An incapacitated person is defined by statute as "an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that he is partially or totally unable to manage his financial resources or to meet essential requirements for his physical health and safety." 20 P.C.S.A. § 5501. The court may appoint a plenary guardian of an individual's person or estate upon finding that the individual is totally incapacitated and in need of plenary guardianship services. *See* 20 Pa.C.S.A. § 5512(1)(c), (e). The court's incapacity and guardianship determination must be supported by clear and convincing evidence. *See* 20 Pa.C.S. § 5511.

Following a determination of incapacity and the appointment of a guardian, the court may schedule a review hearing under the following conditions:

**§ 5512.2. Review hearing**

**(a) Time of hearing.**--The court may set a date for a review hearing in its order establishing the guardianship or hold a review hearing at any time it shall direct. The court shall conduct a review hearing promptly if the incapacitated person, guardian or any interested party petitions the court for a hearing for reason of a significant change in the person's capacity, a change in the need for guardianship services or the guardian's failure to perform his duties in accordance with the law or to act in the best interest of the incapacitated person. The court may dismiss a petition for

review hearing if it determines that the petition is frivolous.

20 Pa.C.S.A. § 5512.2(a).

Additionally, Rule 14.9 of the Pennsylvania Orphans' Court Rules provides:

**Rule 14.9.  Review Hearing**

**(a) Initiation.**  A review hearing may be requested by petition or ordered by the court.

**(b) Petition.**  A petition for a review hearing shall set forth:

(1) the name, age, address, and mailing address, if different, of the petitioner and the petitioner's relationship to the incapacitated person;

(2) the date of the adjudication of incapacity;

(3) the names and addresses of all guardians;

(4) if the incapacitated person has been a patient in a mental health facility, the name of such facility, the date of admission, and the date of discharge;

(5) the present address of the incapacitated person, and the name of the person with whom the incapacitated person is living;

(6) the names and addresses of the presumptive intestate heirs of the incapacitated person and whether they are sui juris or non sui juris; and

(7) an averment that:

(i) there has been significant change in the incapacitated person's capacity and the nature of that change;

(ii) there has been a change in the need for guardianship services and the nature of that change; or

(iii) the guardian has failed to perform duties in accordance with the law or act in the best interest of the incapacitated person, and details as to the duties that the guardian has failed to perform or has performed but are allegedly not in the best interests of the incapacitated person.

**(c) Service.** The petition shall be served in accordance with Rule 4.3 upon the incapacitated person and those entitled to notice pursuant to Rule 14.2(f)(2).

**(d) Hearing.** The review hearing shall be conducted promptly after the filing of the petition with notice of the hearing served upon those served with the petition pursuant to paragraph (c).

Pa.O.C. Rule 14.9. "[I]f an allegation of competency is made, the orphans' court must immediately proceed to either make a determination of frivolity based on sound evidence or logic or hold a review hearing." *In re Est. of Rosengarten*, 871 A.2d 1249, 1255 (Pa.Super. 2005).

Instantly, Appellant concedes that his motion for reconsideration does not comport with the requirements of Rule 14.9 to petition for a review hearing, but he maintains that the essential components were present. Significantly, however, we note that Appellant did not actually request a hearing in his motion for reconsideration. Rather, Appellant's motion requested the court to reconsider its prior adjudication of incapacity based on the psychological evaluation report that was attached to the motion. Per Appellant's request, the court carefully reviewed Dr. LaPorte's report and determined that Appellant's condition had not changed such that a guardian was no longer required.

Even if Appellant had properly petitioned the court for a review hearing, we find no error in the court's decision to deny the request without a hearing. Appellant relies on **Rosengarten** for the proposition that the court erred by failing to schedule a prompt hearing or make a reasoned determination of frivolity. In **Rosengarten**, Mrs. Rosengarten had been deemed incapacitated because she was suffering from bipolar disorder and delusions for which she had stopped taking medication. After some time, Mrs. Rosengarten's guardian sought court approval to sell Mrs. Rosengarten's property. Mrs. Rosengarten objected, alleging that there was significant improvement in her mental condition and requested a review hearing on the question of continued incapacity. Without conducting the requested review hearing, the Orphans' Court proceeded to conduct a hearing on the disposition of Mrs. Rosengarten's assets.

Under those circumstances, this Court found that the Orphans' Court violated Section 5512.2(a) by failing to either schedule a prompt review hearing or make a determination of frivolity, when Mrs. Rosengarten alleged that she was competent. This Court further noted that a facial determination of frivolity was precluded based on the circumstances of Mrs. Rosengarten's incapacity. Specifically, Mrs. Rosengarten's adjudication of incapacity was based on mental disorders for which she was not taking medication at the time. As such, there was a higher probability that Mrs. Rosengarten's mental condition could have improved with a proper medication regimen and the

- 7 -

Orphans' Court was required to evaluate her claim.

Here, there are key distinctions in the instant matter from
*Rosengarten*. The Orphans' Court did not disregard Appellant's objection to
the sale of his property but rather granted a continuance to allow Appellant
time to undergo an independent psychological examination. Further, the court
did not dismiss Appellant's allegation of competence without inquiry into the
claim. The court essentially made a determination of frivolity after carefully
reviewing the results of the psychological exam. Although the court does not
specifically use the word "frivolous" in its denial of Appellant's motion, it is
clear from the court's order and the record that the court undertook the
requisite analysis. Appellant's initial adjudication of incapacity was based on
the testimony of multiple psychologists who opined that Appellant suffered
from delusional disorder with a bleak prognosis for recovery. Dr. LaPorte's
report, which was attached to Appellant's motion for reconsideration, did not
demonstrate that Appellant's condition had significantly improved such that a
guardian was no longer necessary.

Dr. Laporte opined that Appellant continued to suffer from delusional
disorder, particularly noting that delusional disorder is often chronic and
lifelong. Dr. Laporte observed that Appellant continued to harbor consistent
and detailed delusional thoughts, including being the target of government
schemes, special ability to communicate with others, and special skills and
abilities that resulted from involvement with the CIA. Regarding

incapacitation, Dr. Laporte opined:

> The presence of delusional disorder can and likely will greatly impair the ability to evaluate information effectively particularly in regard to information related to the delusional content. The delusional content will also likely impair the ability to manage finances, at least partially; while the ability to maintain daily finances, such as paying bills and balancing a checkbook, may remain intact, the ability to accurately assess and make judgments regarding financial decisions may be impaired, especially in relation to delusional themes. While it presently appears that the ability to maintain physical health and safety remains intact, there is also the possibility that the delusions will impact these abilities in the future, especially since the delusional themes include both persecution and grandeur.
>
> Based upon the current results of testing, [Appellant] would likely benefit from the continued use of a guardian who would be able to evaluate future finances, especially larger financial transactions; the use of a third party to manage finances would help to ensure that [Appellant] is not taken advantage of financially as the result of current delusional themes, as in the case of the individuals posing as CIA and governmental officials for financial gain. [Appellant] may benefit from some increased financial responsibility in the future, such as the allotment of an allowance that would allow for him to spend money at his discretion without the risk of losing large amounts of money due to his delusions. Additionally, an environment that allows structure and the ability to be monitored would likely be helpful in ensuring that the client does not pose a threat to himself or others in the future and to prevent future involvement with the legal system, particularly within criminal court.

(Psychological Evaluation Report, filed 4/20/22, at 10-11). After reviewing Dr. Laporte's conclusions and recommendations, the court made a reasoned determination that the conditions that necessitated Appellant's incapacitation continued to persist such that a review hearing was unnecessary. On this record, we discern no error in the court's denial of Appellant's motion for

reconsideration without conducting a review hearing. ***See In re Peery,
supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2023