**Rule 1.5 Local Rules**

(a)     All previously promulgated local rules are hereby vacated, effective September 1, 2016, except for those local rules promulgated under Chapter **[14]** <u>XIV</u> regarding guardianship of incapacitated persons, Chapter **[15]** <u>XV</u> regarding adoptions, and Chapter **[16]** <u>XVI</u> regarding proceedings pursuant to **[s]S**ection 3206 of the Abortion Control Act.

<u>**(b)     All previously promulgated local rules under Chapter XIV regarding guardianship of incapacitated persons are hereby vacated, effective June 1, 2019.**</u>

**[(b)]** <u>**(c)**</u>     The requirements for the promulgation and amendment of local procedural rules for orphans' court proceedings are set forth in Pennsylvania Rule of Judicial Administration 103(d).

**[(c)]** <u>**(d)**</u>  The local rules applicable to practice in the Civil or Trial Division of the local Court of Common Pleas shall not be applicable in the Orphans' Court Division unless so directed by these Rules or by local rule adopted by the court of the particular judicial district in accordance with Pa.R.J.A. No. 103<u>**(d)**</u>.

> **Note:**  Effective August 1, 2016, Pennsylvania Rule of Judicial Administration 103 was amended to consolidate and include all local rulemaking requirements. Accordingly, the rulemaking requirements under Pa. O.C. Rule 1.5 for the promulgation and amendment of local procedural rules for orphans' court proceedings were rescinded and replaced.

# PENNSYLVANIA ORPHANS' COURT RULES

## CHAPTER I. PRELIMINARY RULES

Rule 1.1. Short Title and Citation
Rule 1.2. Construction and Application of Rules
Rule 1.3. Definitions
Rule 1.4. Extension of Time Limitations
Rule 1.5. Local Rules
Rule 1.6. Mediation by Agreement, Local Rule, or Court Order
Rule 1.7. Entry and Withdrawal of Counsel
Rule 1.8. Forms

\*\*\*

## CHAPTER XIV. GUARDIANSHIPS OF INCAPACITATED PERSONS

**[Rule 14.1. Rescinded**
**Rule 14.2. Adjudication of Incapacity and Appointment of a Guardian of the Person and/or Estate of an Incapacitated Person**
**Rule 14.3. Review Hearing**
**Rule 14.4. Proceedings Relating to Real Estate**
**Rule 14.5 Forms]**

**Rule 14.1 Guardianship Petition Practice and Pleading**
**Rule 14.2 Petition for Adjudication of Incapacity and Appointment of a Guardian of the Person or Estate of an Incapacitated Person**
**Rule 14.3 Alternative Proof of Incapacity: Expert Report in Lieu of In-Person or Deposition Testimony of Expert**
**Rule 14.4 Counsel**
**Rule 14.5 Waiver or Modification of Bond**
**Rule 14.6 Determination of Incapacity and Selection of Guardian**
**Rule 14.7 Order and Certificate**
**Rule 14.8 Guardianship Reporting, Monitoring, Review, and Compliance**
**Rule 14.9 Review Hearing**
**Rule 14.10 Proceedings Relating to Real Property**
**Rule 14.11 Transfer of Guardianship of the Person to Another State**
**Rule 14.12 Transfer of Guardianship of the Estate to Another State**
**Rule 14.13 Acceptance of a Guardianship Transferred from Another State**
**Rule 14.14 Forms**

\*\*\*

**Rule 5.10.  Public Sale of Real Property**

(a)  In addition to the requirements provided by the Rules in Chapter III, a petition for the public sale of real property shall set forth the reason for filing the petition, a description, stating the size and location of the property to be sold, and the liens and charges to which it is subject.

(b)  Public notice of the sale shall be given as required by law and as may be further required by local rule or as the court may order in a particular matter.

> **Note:**  Rule 5.10 is substantively identical to former Rule 12.9.  **If a person who has been adjudicated incapacitated possesses an interest in the subject real property, see also Rule 14.10.**

**Rule 5.11.  Private Sale of Real Property or Options Therefor**

(a)  **Contents of Petition**.  In addition to the requirements provided by the Rules in Chapter III, a petition for the private sale or exchange of real property, or for the grant of an option for any such sale or exchange, shall set forth the following:

(1)  the information required in a petition for the public sale of real property under Rule 5.10(a); and

(2)  the name and address of the proposed purchaser and the terms of the proposed sale, exchange or option, the consideration therefor, and that this consideration is more than can be obtained at public sale.

(b)  **Exhibits.**  The petition shall be supported by the affidavits of at least two competent persons setting forth that they have inspected the real property to be sold, exchanged or optioned, that they are not personally interested in the proposed sale, exchange or option, that they are acquainted with the value of real estate in the area, that in their opinion the proposed consideration is more than can be obtained at public sale, and in the case of an exchange, that they are acquainted with the value of real estate in the locality of the property to be received.

Note:  Rule 5.11 is substantively identical to former Rule 12.10.  **If a person who has been adjudicated incapacitated possesses an interest in the subject real property, see also Rule 14.10.**

**Rule 5.12.  Mortgage or Lease of Real Property**

In addition to the requirements provided by the Rules in Chapter III, a petition to mortgage or lease real property shall set forth the following:

**(a)**  the information required in a petition for the public sale of real property under Rule 5.10(a), as far as practicable; and

**(b)**  the name of the proposed mortgagee or lessee and the terms of the proposed mortgage or lease.

**Note:**  Rule 5.12 is substantively identical to former Rule 12.11.  **If a person who has been adjudicated incapacitated possesses an interest in the subject real property, see also Rule 14.10.**

**[This is an entirely new chapter.]**

## CHAPTER XIV.  GUARDIANSHIPS OF INCAPACITATED PERSONS

**Rule 14.1 Guardianship Petition Practice and Pleading**

**(a)     Proceedings for Adjudication of Incapacity and Appointment of a Guardian.**  The following petition practice and pleading requirements set forth in Chapter III (Petition Practice and Pleading) shall be applicable to proceedings for the adjudication of incapacity and appointment of a guardian:

(1)  Rule 3.2 (Headings; Captions);

(2)  Rule 3.3 (Contents of All Petitions; General and Specific Averments);

(3)  Rule 3.12 (Signing);

(4)  Rule 3.13 (Verification); and

(5)  Rule 3.14 (Amendment).

**(b)     Responsive Pleadings to a Petition for Adjudication of Incapacity and Appointment of a Guardian Filed Pursuant to Rule 14.2.**

(1)  Permitted responsive pleadings to a petition seeking the adjudication of incapacity and appointment of a guardian are limited to those identified in Rule 3.6 (Pleadings Allowed After Petition) and shall be subject to Rules 3.10 (Denials; Effect of Failure to Deny) and 3.11 (Answer with New Matter).

(2)  The alleged incapacitated person and any person or institution served pursuant to Rule 14.2(f)(2) may file a responsive pleading.

(3)  Any responsive pleading shall be filed with the clerk and served pursuant to Rule 4.3 (Service of Legal Paper Other than Citations or Notices) on all others entitled to file a responsive pleading pursuant to subparagraph (b)(2).

(4)  All responsive pleadings shall be filed and served no later than five days prior to the hearing.  The failure to file or timely file and serve a responsive pleading does not waive the right to raise an objection at the hearing.

(5)  The court shall determine any objections at the adjudicatory hearing.

**(c)** **All Other Petitions for Relief.**  Unless otherwise provided by Rule in this Chapter, the petition practice and pleading requirements set forth in Chapter III shall be applicable to any proceeding under these Rules other than a petition seeking the adjudication of incapacity and appointment of a guardian.  "Interested party" as used in Chapter III shall include all those entitled to service pursuant to Rule 14.2(f).

**(d)** **Intervention.**  A petition to intervene shall set forth the ground on which intervention is sought and a statement of the issue of law or question of fact the petitioner seeks to raise.  The petitioner shall attach to the petition a copy of any pleading that the petitioner will file if permitted to intervene.  A copy of the petition shall be served pursuant on all those entitled to service pursuant to Rule 14.2(f).

**Explanatory Comment:**  This Rule is intended to specify the provisions and procedures of Chapter III that are applicable to proceedings under Chapter XIV.  In proceedings for the adjudication of incapacity and appointment of a guardian, responsive pleadings are permitted as a means of identifying contested legal issues and questions of fact prior to the adjudicatory hearing.  However, given the abbreviated time for filing a responsive pleading relative to other proceedings (*Compare* Pa. O.C. Rule 3.7(a)), the failure to file a responsive pleading should not operate to prelude an issue or objection from being raised and considered at the hearing.  Such pleadings should not be filed as a means of delaying the hearing on the merits of the petition.

The practice for other petitions is to follow the requirements of Chapter III.  Nothing in this Rule is intended to prevent relief being sought on an expedited basis, provided the petitioner or respondent is able to establish circumstances to the satisfaction of the court warranting disregard of procedural requirements.  *See* Pa. O.C. Rule 1.2(a).

**Rule 14.2 Petition for Adjudication of Incapacity and Appointment of a Guardian of the Person or Estate of an Incapacitated Person**

(a) **Petition Contents.** A petition to adjudicate an individual as an incapacitated person and appoint a guardian shall state in plain language:

(1) Name, age, address, and mailing address, if different, of the petitioner and the petitioner's relationship to the alleged incapacitated person;

(2) Name, date of birth, residence, and mailing address, if different, of the alleged incapacitated person;

(3) Names and addresses of the spouse, parents, and presumptive intestate heirs of the alleged incapacitated person and whether they are *sui juris* or non *sui juris*;

(4) Name and address of the person or institution providing residential services to the alleged incapacitated person;

(5) Names and addresses of other service providers and nature of services being provided;

(6) Whether there is an executed health care power of attorney or advance health care directive pursuant to Title 20, Chapter 54, and if so, the name and address of the person designated in the writing to act as the agent;

> **Note:** See 20 Pa.C.S. §§ 5421 *et seq.* for health care power of attorney and advance health care directive (combination of a living will and health care power of attorney).

(7) Whether there is an executed power of attorney pursuant to Title 20, Chapter 56, and if so, the name and address of the person designated in the writing to act as the agent;

> **Note:** See 20 Pa.C.S. §§ 5601 *et seq.* for power of attorney.

(8) Whether there is any other writing by the alleged incapacitated person pursuant to Title 20, Chapters 54 or 58 authorizing another to act on behalf of the alleged incapacitated person, and if so, the name and address of the person designated;

8

**Note:** *See* 20 Pa.C.S. §§ 5441-5447 for Living Will Act; 20 Pa.C.S. §§ 5451-5465 for Health Care Agents and Representatives Act; 20 Pa.C.S. §§ 5821-5826 for Advance Directive for Mental Health Act; 20 Pa.C.S. §§ 5831-5845 for Mental Health Care Agents Act.

(9)     Reason(s) why guardianship is sought, including a description of functional limitations and the physical and mental condition of the alleged incapacitated person;

(10)     If not plenary, then specific areas of incapacity over which it is requested that the guardian be assigned powers;

(11)     The probability of whether the physical condition and mental condition of the alleged incapacitated person will improve;

(12)     Whether there has been a prior incapacity hearing concerning the alleged incapacitated person, and if so, the name of the court, the date of the hearing, and the determination of capacity;

(13)     Steps taken to find a less restrictive alternative than a guardianship;

(14)     If a guardian of the estate is sought:

(i) the gross value of the estate and net income from all sources, to the extent known; and

(ii) whether there is a prepaid burial account, to the extent known;

(15)     Whether the alleged incapacitated person is a veteran of the United States Armed Services, and whether the alleged incapacitated person is receiving benefits from the United States Veterans' Administration on behalf of himself or herself or through a spouse; and

(16)     Name and address, if available, of any person that the petitioner proposes should receive notice of the filing of guardianship reports pursuant to Rule 14.8(b), which may include any person identified in paragraphs (a)(3)-(a)(8).

**(b)     Nomination of Guardian.**  The petition shall also include:

(1)     The name, address, and mailing address, if different, of the proposed guardian whom the petitioner nominates to be appointed guardian and the nominee's relationship, if any, to the alleged incapacitated person.  If the proposed guardian is an entity, then the name of the person or persons to have direct responsibility for the alleged incapacitated person and the name of the principal of the entity;

(2)     Whether the proposed guardian has any adverse interest to the alleged incapacitated person;

(3)     Whether the proposed guardian is available and able to visit or confer with the alleged incapacitated person;

(4)     Whether the proposed guardian has completed any guardianship training, including the name of the training program, length of the training, and date of completion;

(5)     Whether the proposed guardian has any guardianship certification, the current status of the certification, and any disciplinary action related to the certification;

(6)     Whether the proposed guardian is or was a guardian in any other matters and, if so, the number of active matters; and

(7)     If the petition nominates a different proposed guardian of the estate from the proposed guardian of the person, then the information required in subparagraphs (b)(1)-(b)(6) as to each nominee.

(c)     **Exhibits.**  The following exhibits shall be appended to the petition:

(1)     All writings referenced in paragraphs (a)(6)-(a)(8), if available;

(2)     The certified response to a Pennsylvania State Police criminal record check, with Social Security Number redacted, for each proposed guardian issued within six months of the filing of the petition;

(i)     If any proposed guardian has resided outside the Commonwealth within the previous five-year period and was 18 years of age or older at any time during that period, then the petition shall include a criminal record check obtained from the statewide database, or its equivalent, in each state in which such proposed guardian has resided within the previous five-year period.

10

(ii)    When any proposed guardian is an entity, the person or persons to have direct responsibility for the alleged incapacitated person and the principal of the entity shall comply with the requirements of subparagraph (c)(2).

**Note:**    For information on requesting a criminal record check from the Pennsylvania State Police, see http://www.psp.pa.gov/Pages/Request-a-Criminal-History-Record.aspx.

(3) Any proposed orders as required by Rule 3.4(b); and

(4) Any consent or acknowledgement of a proposed guardian to serve.

**(d)    Emergency Guardian.**    A petition seeking the appointment of an emergency guardian shall aver with specificity the facts giving rise to the emergent circumstances and why the failure to make such an appointment will result in irreparable harm to the person or estate of the alleged incapacitated person.

**Note:**  Limitations on emergency guardianships are prescribed by statute.  *See* 20 Pa.C.S. § 5513.

**(e)    Separate Petitions.**    Separate petitions shall be filed for each alleged incapacitated person.

**(f)    Citation with Notice.**  A citation with notice using the form provided in the Appendix to these Rules shall be attached to and served with the petition and any preliminary order as follows:

(1)    By personal service upon the alleged incapacitated person no less than 20 days prior to the hearing.  Additionally, the content and terms of the petition shall be explained to the maximum extent possible in language and terms the alleged incapacitated person is most likely to understand.

(2)    In a manner permitted by Rule 4.3 no less than 20 days prior to the hearing upon:

(i)    All persons *sui juris* who would be entitled to an intestate share in the estate of the alleged incapacitated person;

(ii)    The person or institution providing residential services to the alleged incapacitated person;

(iii)    Any person named in paragraphs (a)(6)-(a)(8); and

11

(iv)    Such other entities and persons as the court may direct, including service providers.

**Note:**  For notice to the United States Veterans' Bureau, see 20 Pa.C.S. § 8411.

(3)    For a petition seeking the appointment of an emergency guardian, the court may direct the manner of service as emergent circumstances warrant. Thereafter, notice shall be served in accordance with Rule 14.2(f)(2).

**Explanatory Comment:**  Concerning the requirement of a criminal record check set forth in paragraph (c)(2), the Pennsylvania State Police has created the Pennsylvania Access to Criminal History ("PATCH") System to enable the public to obtain criminal history record checks via Internet request.  The certified response from the Pennsylvania State Police criminal history record check need not be notarized to comply with the requirements of this rule.  Any response other than "no record" may require supplementation at the discretion of the court.

## Rule 14.3 Alternative Proof of Incapacity: Expert Report in Lieu of In-Person or Deposition Testimony of Expert

**(a)** A petitioner may seek to offer into evidence an expert report for the determination of incapacity in lieu of testimony, in-person or by deposition, of an expert using the form provided in the Appendix to these rules. In an emergency guardianship proceeding, an expert report may be offered into evidence if specifically authorized by the court.

**(b)** **Notice.**

(1) If a petitioner seeks to offer an expert report permitted under paragraph (a), the petitioner shall serve a copy of the completed report upon the alleged incapacitated person's counsel and all other counsel of record pursuant to Rule 4.3 or, if unrepresented, upon the alleged incapacitated person, pursuant to Pa.R.C.P. No. 402(a) by a competent adult no later than ten days prior to the hearing on the petition.

(2) If a petitioner seeks to offer an expert report, as permitted under paragraph (a), the petitioner shall serve pursuant to Rule 4.3 a notice of that fact upon those entitled to notice of the petition and hearing no later than ten days prior to the hearing on the petition.

(3) The petitioner shall file a certificate of service with the court as to paragraphs (b)(1) and (b)(2).

**(c)** **Demand.**

(1) Within five days of service of the completed report provided in paragraph (b)(1), the alleged incapacitated person's counsel or, if unrepresented, the alleged incapacitated person, may file with the court and serve upon the petitioner pursuant to Rule 4.3 a demand for the testimony of the expert.

(2) If a demand for testimony is filed and served as provided herein, then the expert report may not be admitted and an expert must provide testimony at the hearing, whether in-person or by deposition.

**(d)** Unless otherwise demanded pursuant to paragraph (c)(2), in the sole discretion of the court, incapacity may be established through the admission of an expert report prepared in compliance with the form provided in the Appendix to these rules. The expert must be qualified by training and experience in evaluating individuals with incapacities of the type alleged in the petition. The expert must sign, date, and verify the completed expert report.

**(e)** In the interest of justice, the court may excuse the notice and demand requirements set forth in paragraphs (b) and (c).

**Explanatory Comment:** This Rule is intended to permit the alleged incapacitated person to exercise the right to cross-examine testimony as to the capacity of the alleged incapacitated person. *See* 20 Pa.C.S. § 5518.1. Permitting the use of an expert report in compliance with this Rule replaces the requirement of testimony, in-person or by deposition, of an expert. *See* 20 Pa.C.S. § 5518. "Deposition," as used in this Rule is intended to be a deposition conducted in accordance with the Pennsylvania Rules of Civil Procedure. The Rule is permissive; whether an expert report is admitted in lieu of testimony is in the sole discretion of the court. Nothing in this Rule is intended to preclude the court from requiring testimony from the expert or otherwise requiring supplementation.

**Rule 14.4  Counsel**

     **(a)**    **Retention of Counsel.**  If counsel for the alleged incapacitated person has not been retained, the petitioner shall notify the court in writing at least seven days prior to the adjudicatory hearing that the alleged incapacitated person is unrepresented and also indicate whether the alleged incapacitated person has requested counsel.

     **(b)**    **Private Counsel.**  If the alleged incapacitated person has retained private counsel, counsel shall prepare a comprehensive engagement letter for the alleged incapacitated person to sign, setting forth when and how counsel was retained, the scope of counsel's services, whether those services include pursuing any appeal, if necessary, how counsel will bill for legal services and costs and the hourly rate, if applicable, who will be the party considered responsible for payment, whether any retainer is required, and if so, the amount of the retainer.  Counsel shall provide a copy of the signed engagement letter to the court upon request.

     **(c)**    **Appointed Counsel.**  The court may appoint counsel if deemed appropriate in the particular case.  Any such order appointing counsel shall delineate the scope of counsel's services and whether those services include pursuing any appeal, if necessary.

     **(d)**    **Other Counsel.**  Counsel for any other party shall enter an appearance in accordance with Rule 1.7(a).

**Explanatory Comment:**  Reasonable counsel fees, when appropriate, should be paid from the estate of the alleged incapacitated person whenever possible.  If the alleged incapacitated person is unable to pay for counsel, then the court may order counsel fees and costs to be paid by the county.  *See* 20 Pa.C.S. § 5511(c).  Any fee dispute should be resolved in a timely and efficient manner to preserve resources in order to maintain the best possible quality of life for the incapacitated person.

**Rule 14.5 Waiver or Modification of Bond**

      **(a)**     **Request.** A request for the court to waive or modify a bond requirement for a guardian of the estate may be raised within the petition for adjudication of incapacity or at any other time by petition.

      **(b)**     **Waiver or Modification.** The court may order the waiver or modification of a bond requirement for good cause.

      **(c)**     **Assurance.** If the court waives or modifies a bond requirement, then the court shall consider the necessity and means of periodic demonstration of continued good cause.

**Explanatory Comment:** Pursuant to 20 Pa.C.S. § 5515, the provisions of Sections 5121-5123 of Title 20 relating to bonding requirements are incorporated by reference into Chapter 55 proceedings. When property is held by the incapacitated person as fiduciary, see 20 Pa.C.S. § 5516. "Good cause" may include, but is not limited to, an estate of nominal value, fluctuation in the size of the estate, adequate insurance maintained by the guardian against risk of loss to the estate, the creditworthiness of the guardian, and assets of the guardian relative to the value of the estate.

**Rule 14.6 Determination of Incapacity and Selection of Guardian**

      **(a)    Determination of Incapacity.** The procedure for determining incapacity and for appointment of a guardian shall meet all requirements set forth at 20 Pa.C.S. §§ 5511, 5512, and 5512.1. In addition, the petitioner shall present the citation and proof of service at the hearing.

> **Note:** *See In re Peery*, 727 A.2d 539 (Pa. 1999) (holding a person does not require a guardian if there is no need for guardianship services).

      **(b)    Selection of Guardian.** If guardianship services are needed, then the court shall appoint the person nominated as such in a power of attorney, a health care power of attorney, an advance health care directive, a mental health care declaration, or mental health power of attorney, except for good cause shown or disqualification. Otherwise, the court shall consider the eligibility of one or more persons to serve as guardian in the following order:

      **(1) Guardian of the Person:**

      (i)    The guardian of the estate;

      (ii)    The spouse, unless estranged or an action for divorce is pending;

      (iii)    An adult child;

      (iv)    A parent;

      (v)    The nominee of a deceased or living parent of an unmarried alleged incapacitated person;

      (vi)    An adult sibling;

      (vii)    An adult grandchild;

      (viii)    Other adult family member;

      (ix)    An adult who has knowledge of the alleged incapacitated person's preferences and values, including, but not limited to religious and moral beliefs, and would be able to assess how the alleged incapacitated person would make decisions; or

      (x)    Other qualified proposed guardian, including a professional guardian.

**(2)  Guardian of the Estate.**  When the estate of the incapacitated person consists of minimal assets or where the proposed guardian possesses the skills and experience necessary to manage the finances of the estate:

(i)  The guardian of the person;

(ii)  The spouse unless estranged or an action for divorce is pending;

(iii)  An adult child;

(iv)  A parent;

(v)  The nominee of a deceased or living parent of an unmarried alleged incapacitated person;

(vi)  An adult sibling;

(vii)  An adult grandchild;

(viii)  Other adult family member; or

(ix)  An adult who has knowledge of the alleged incapacitated person's preferences and values, including, but not limited to religious and moral beliefs, and would be able to assess how the alleged incapacitated person would make decisions.

> Where no individual listed in subparagraphs (i) – (ix) of paragraph (b)(2) possesses the skills and experience necessary to manage the finances of the estate, the guardian of the estate may be any qualified proposed guardian, including a professional guardian or corporate fiduciary.

**Explanatory Comment:** If a principal nominates a guardian pursuant to a power of attorney, a health care power of attorney, an advance health care directive, which is a combination of a living will and a health care power of attorney, a mental health care declaration, or mental health power of attorney, then court must appoint that person as guardian except for good cause or disqualification.  *See* 20 Pa.C.S. § 5604(c)(2) (power of attorney); 20 Pa.C.S. § 5460(b) (health care power of attorney); 20 Pa.C.S. § 5422 (defining "advance health care directive"); 20 Pa.C.S. § 5823 (mental health declaration); 20 Pa.C.S. § 5841(c) (mental health power of attorney); s*ee also* 20 Pa.C.S. § 5511(f) (who may be appointed guardian).

**Rule 14.7 Order and Certificate**

   **(a) Order Adjudicating Incapacity and Appointing Guardian.**

   (1)    An order adjudicating incapacity and appointing a guardian shall address:

   (i)    the type of guardianship being ordered and any limits, if applicable;

   (ii)    the continued effectiveness of any previously executed powers of attorney or health care powers of attorney and the authority of such agent to act under the document;

   (iii)    the necessity of filing reports pursuant to Rule 14.8(a); and

   (iv)    the person or persons entitled to receive notice of the filing of such reports, pursuant to Rule 14.8(b).

   (2)    An order adjudicating incapacity and appointing a guardian shall contain a provision substantially in the following form:

   [Incapacitated person] is hereby notified of the right to seek reconsideration of this Order pursuant to Rule 8.2 and the right to appeal this Order within 30 days from the date of this Order by filing a Notice of Appeal with the Clerk of the Orphans' Court. [Incapacitated person] may also petition the court at any time to review, modify, or terminate the guardianship due to a change in circumstances. [Incapacitated person] has a right to be represented by an attorney to file a motion for reconsideration, an appeal, or to seek modification or termination of this guardianship. If the assistance of counsel is needed and [incapacitated person] cannot afford an attorney, an attorney will be appointed to represent [incapacitated person] free of charge.

   **(b) Order Adjudicating Incapacity and Appointing Guardian of Estate.**

   (1)    In addition to the requirements set forth in paragraph (a)(1), an order adjudicating incapacity and appointing a guardian of the estate shall address:

   (i)    whether a bond is required and when the bond is to be filed; and

19

(ii) whether the guardian can spend principal without prior court approval.

(2) In addition to the requirement set forth in paragraph (a)(2), an order adjudicating incapacity and appointing a guardian of the estate shall contain a provision substantially in the following form:

> All financial institutions, including without limitation, banks, savings and loans, credit unions, and brokerages, shall grant to the guardian of [incapacitated person]'s estate access to any and all assets, records, and accounts maintained for the benefit of [incapacitated person], and the guardian of [incapacitated person]'s estate shall be entitled to transfer, retitle, withdraw, or otherwise exercise dominion and control over any and all said assets, records, and accounts. The failure of any financial institution to honor this order may lead to contempt proceedings and the imposition of sanctions.

**(c) Certificate of Guardianship of Estate.** Upon the request of the guardian of the estate, the clerk shall issue a certificate substantially in the following form:

(Caption)

**I CERTIFY** that on _____, after giving full consideration to the factors set forth in Chapter 55 of the Probate, Estates, and Fiduciaries Code, 20 Pa.C.S. §§ 5501 *et seq.*, in the above-captioned matter, the Court adjudged _____ an incapacitated person and appointed _____ as plenary guardian of the estate.

**FURTHER, I CERTIFY** the Court, *inter alia*, ordered that:

All financial institutions, including without limitation, banks, savings and loans, credit unions, and brokerages shall grant to the guardian of [incapacitated person]'s estate access to any and all assets, records, and accounts maintained for the benefit of [incapacitated person], and the guardian of [incapacitated person]'s estate shall be entitled to transfer, retitle, withdraw, or otherwise exercise dominion and control over any and all said assets, records, and accounts. The failure of any financial institution to honor this order may lead to contempt proceedings and the imposition of sanctions.

Witness my hand and seal of said

Court this____ day of _____, ____.

[seal]

CLERK OF ORPHANS' COURT

_____

**Explanatory Comment:** The requirements of paragraph (a) are intended to apply to all guardianship orders. The items addressed and contained in the order, as set forth in paragraphs (a) and (b), are not exhaustive. The court may fashion a guardianship of a person order to inform health care providers of the guardian's authority, including the authority to give informed consent to proposed treatment, to share information, and to make decisions for the incapacitated person. *See also In re DLH*, 2 A.3d 505 (Pa. 2010) (discussing whether guardian has authority concerning life-preserving care); 20 Pa.C.S. § 5460(a) (requiring the court to determine the extent of agent's authority under a health care power of attorney); 20 Pa.C.S. § 5604(c)(3) (requiring the court to determine the extent of agent's authority under a durable power of attorney).

**Rule 14.8 Guardianship Reporting, Monitoring, Review, and Compliance**

(a) **Reporting.** A guardian shall file the following reports with the clerk:

(1) An inventory by the guardian of the estate within 90 days of such guardian's appointment;

(2) An annual report by the guardian of the estate of an incapacitated person one year after appointment and annually thereafter;

(3) An annual report by the guardian of the person one year after appointment and annually thereafter;

(4) A final report by the guardian of the person and the guardian of the estate within 60 days of the death of the incapacitated person, an adjudication of capacity, a change of guardian, or the expiration of an order of limited duration; and

(5) A final report from the guardian of the person and the guardian of the estate upon receipt of the provisional order from another state's court accepting transfer of a guardianship.

(b) **Notice of Filing.** If, pursuant to Rule 14.7(a)(1)(iv), the order appointing the guardian identifies the person or persons entitled to receive notice of the filing of any report set forth in paragraph (a), the guardian shall serve a notice of filing within ten days after filing a report using the form provided in the Appendix to these Rules. Service shall be in accordance with Rule 4.3.

(c) **Design of Forms.** The Court Administrator of Pennsylvania, in consultation with the Orphans' Court Procedural Rules Committee and the Advisory Council on Elder Justice in the Courts, shall design and publish forms necessary for the reporting requirements set forth in paragraph (a).

(d) **Monitoring.** The clerk or the court's designee shall monitor the guardianship docket to confirm the guardian's compliance with the reporting requirements set forth in paragraph (a).

(e) **Review.** The court or its designee shall review the filed reports.

(f) **Compliance.** To ensure compliance with these reporting requirements:

(1) If any report is deemed incomplete or is more than 20 days delinquent, then the clerk or the court's designee shall serve notice on the guardian directing compliance within 20 days, with a copy of the notice sent to the court and the guardian's counsel, if represented.

(2)     If the guardian fails to comply with the reporting requirements within 20 days of service of the notice, then the clerk or the court's designee shall file and transmit a notice of deficiency to the adjudicating judge and serve a notice of deficiency on those persons named in the court's order pursuant to Rule 14.7(a)(1)(iv) as being entitled to receive a notice of filing.

(3)     The court may thereafter take such enforcement procedures as are necessary to ensure compliance.

**Explanatory     Comment:**     The     reporting     forms     are     available     at http://www.pacourts.us/forms/for-the-public/orphans-court-forms.  This Rule is silent as to the manner of proceeding when reports are deficient or warrant further investigation, or when the guardian is recalcitrant after being given notice by the clerk or the court's designee.  In its discretion, the court may order further documentation, conduct a review hearing, or take further action as may be deemed necessary, including, but not limited to, removal of the guardian or contempt proceedings.

**Rule 14.9 Review Hearing**

     **(a) Initiation.** A review hearing may be requested by petition or ordered by the court.

     **(b) Petition.** A petition for a review hearing shall set forth:

     (1) the name, age, address, and mailing address, if different, of the petitioner and the petitioner's relationship to the incapacitated person;

     (2) the date of the adjudication of incapacity;

     (3) the names and addresses of all guardians;

     (4) if the incapacitated person has been a patient in a mental health facility, the name of such facility, the date of admission, and the date of discharge;

     (5) the present address of the incapacitated person, and the name of the person with whom the incapacitated person is living;

     (6) the names and addresses of the presumptive intestate heirs of the incapacitated person and whether they are *sui juris* or non *sui juris*; and

     (7) an averment that:

     (i) there has been significant change in the incapacitated person's capacity and the nature of that change;

     (ii) there has been a change in the need for guardianship services and the nature of that change; or

     (iii) the guardian has failed to perform duties in accordance with the law or act in the best interest of the incapacitated person, and details as to the duties that the guardian has failed to perform or has performed but are allegedly not in the best interests of the incapacitated person.

     **(c) Service.** The petition shall be served in accordance with Rule 4.3 upon the incapacitated person and those entitled to notice pursuant to Rule 14.2(f)(2).

     **(d) Hearing.** The review hearing shall be conducted promptly after the filing of the petition with notice of the hearing served upon those served with the petition pursuant to paragraph (c).

**Explanatory Comment:** Nothing in this Rule is intended to preclude the court from scheduling a review hearing upon its own initiative or in the order adjudicating

incapacity and appointing a guardian. For the court's disposition of a petition for a review hearing and evidentiary burden of proof, see 20 Pa.C.S. § 5512.2.

**Rule 14.10 Proceedings Relating to Real Property**

     **(a)    Applicable Rules.** A petition for the public or private sale, exchange, lease, or mortgage of real property of an incapacitated person or the grant of an option for the sale, exchange, or lease of the same shall conform as far as practicable to the requirements of these Rules for personal representatives, trustees, and guardians of minors in a transaction of similar type.

     **(b)    Objection.** The guardian shall include in the petition an averment as to whether the guardian knows or has reason to know of any objection of the incapacitated person to the proposed transaction, the nature and circumstances of any such objection, and whether expressed before or after the adjudication of incapacity.

     **Note:** *See* Pa. O.C. Rules 5.10, 5.11, and 5.12.

**Rule 14.11 Transfer of Guardianship of the Person to Another State**

(a) **Petition.** A petition filed by a guardian appointed in Pennsylvania to transfer the guardianship of the person to another state must plead sufficient facts to demonstrate:

(1) the incapacitated person is physically present in or is reasonably expected to move permanently to the other state;

(2) plans for care and services for the incapacitated person in the other state are reasonable and sufficient;

(3) the court to which the guardianship will be transferred; and

(4) the guardianship will likely be accepted by the other state's court.

(b) **Service.** The guardian shall serve a copy of the petition in accordance with Rule 4.3 upon the incapacitated person and those entitled to service pursuant to Rule 14.2(f)(2).

(c) **Objections.** Any person entitled to service of the petition may file an answer with the clerk raising objections alleging that the transfer would be contrary to the interests of the incapacitated person.

(d) **Hearing.** If needed, the court shall conduct an evidentiary hearing on the petition.

(e) **Orders.** Upon finding that the allegations contained in the petition have been substantiated and the objections, if any, have not been substantiated, the court shall:

(1) issue an order provisionally granting the petition to transfer the guardianship and directing the guardian to petition for acceptance of the guardianship in the other state; and

(2) issue a final order confirming the transfer and relinquishing jurisdiction upon receipt of the provisional order from the other state's court accepting the transfer and the filing of the final report of the guardian.

**Explanatory Comment:** *See* Subchapter C of the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act, 20 Pa.C.S. §§ 5921-5922. This petition may also include a request to transfer the guardianship of the estate to another state as provided in Rule 14.12. The likelihood that the guardianship may be accepted by the other state's court may be established by evidence of the state having procedures similar to Rule 14.13.

**Rule 14.12  Transfer of Guardianship of the Estate to Another State**

    **(a)  Petition.**  A petition filed by a guardian appointed in Pennsylvania to transfer the guardianship of the estate must plead sufficient facts to demonstrate:

        (1)    the incapacitated person is:

        (i) physically present in the other state;

        (ii) reasonably expected to move permanently to the other state; or

        (iii) significantly connected to the other state.

        (2)    adequate arrangements will be made for the management of the incapacitated person's estate;

        (3)    the court to which the guardianship will be transferred; and

        (4)    the guardianship will likely be accepted by the other state's court.

    **(b)  Service.**  The guardian shall serve a copy of the petition in accordance with Rule 4.3 upon the incapacitated person and those entitled to service pursuant to Rule 14.2(f)(2).

    **(c)  Objections.**  Any person entitled to service of the petition may file an answer with the clerk raising objections alleging that the transfer would be contrary to the interests of the incapacitated person.

    **(d)  Hearing.**  If needed, the court shall conduct an evidentiary hearing on the petition.

    **(e)  Orders.**  Upon finding that the allegations contained in the petition have been substantiated and the objections, if any, have not been substantiated, the court shall:

        (1)    issue an order provisionally granting the petition to transfer the guardianship and directing the guardian to petition for acceptance of the guardianship in the other state; and

        (2)    issue a final order confirming the transfer and relinquishing jurisdiction upon receipt of the provisional order from the other state's court accepting the transfer and the filing of the final report of the guardian.

**Explanatory Comment:** *See* Subchapter C of the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act, 20 Pa.C.S. §§ 5921-5922.  For factors used to

determine the significance of the incapacitated person's connection with the other state, see 20 Pa.C.S. § 5911(b). This petition may also include a request to transfer the guardianship of the person to another state as provided in Rule 14.11. The likelihood that the guardianship may be accepted by the other state's court may be established by evidence of the state having procedures similar to Rule 14.13.

**Rule 14.13  Acceptance of a Guardianship Transferred from Another State**

    **(a)**    A petition to confirm the transfer of a guardianship from another state to Pennsylvania shall:

        (1)    plead sufficient facts to demonstrate:

            (i)    the eligibility of the guardian for appointment in Pennsylvania;

            (ii)    the proceeding in the other state approving the transfer was conducted in a manner similar to Rules 14.11 or 14.12 (concerning transfer of guardianship);

        (2)    include a certified copy of the other state's provisional order approving the transfer; and
.

        (3)    include a certified copy of the petition and order determining initial incapacity in the other state.

    **(b) Service.**  The guardian shall serve a copy of the petition in the manner and upon the incapacitated person and those entitled to service pursuant to Rule 14.2(f).

    **(c) Objections.**  Any person entitled to notice of the petition may file an answer with the clerk raising objections alleging that the transfer would be contrary to the interests of the incapacitated person.

    **(d) Hearing.**  If needed, the court shall conduct an evidentiary hearing on the petition.

    **(e) Orders.**  Upon finding that the allegations contained in the petition have been substantiated and the objections, if any, have not been substantiated, the court shall:

        (1)    issue an order provisionally granting the petition to confirm transfer of the guardianship; and

        (2)    upon receiving a final order from the court transferring the guardianship, the court shall issue a final order accepting the guardianship, appointing the guardian appointed previously by the court of the other state as the guardian in Pennsylvania, and directing the guardian to comply with the reporting requirements of Rule 14.8.

**Explanatory Comment:** *See* Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act, 20 Pa.C.S. § 5922(f) (court's consideration of a modification of guardianship).

**Rule 14.14 Forms**

The following forms located in the Appendix shall be used exclusively:

**(a)** Important Notice – Citation with Notice (G-01);

**(b)** Report of Guardian of the Estate (G-02);

**(c)** Report of Guardian of the Person (G-03);

**(d)** Guardian's Inventory for a Minor (G-04);

**(e)** Guardian's Inventory for an Incapacitated Person (G-05);

**(f)** Guardianship of Incapacitated Person: Petition for Adjudication/Statement of Proposed Distribution Pursuant to Pa. O.C. Rule 2.4 (OC-03);

**(g)** Guardianship of Minor: Petition for Adjudication/Statement of Proposed Distribution Pursuant to Pa. O.C. Rule 2.4 (OC-04);

**(h)** Expert Report (G-06); and

**(i)** Notice of Filing (G-07).

**Explanatory Comment:** In accordance with Rule 1.8, these forms must be used exclusively and cannot be replaced or supplanted by a local form.

# INDEX TO APPENDIX
## ORPHANS' COURT AND REGISTER OF WILLS FORMS
## ADOPTED BY SUPREME COURT
## PURSUANT TO Pa. O.C. Rule 1.8

**Available as Fill-in Forms on Website**
**of Administrative Office of Pennsylvania Courts**
**[http://www.pacourts.us/Forms/OrphansCourtForms.htm]**
**http://www.pacourts.us/forms/for-the-public/orphans-court-forms**

**Orphans' Court and Administration Forms**

A.   Audit and Administration Forms

   1.   Decedent's Estate: Petition for Adjudication /Statement of Proposed Distribution Pursuant to Pa. O.C. Rule 2.4 ...........................................OC-01

   2.   Trust: Petition for Adjudication /Statement of Proposed Distribution Pursuant to Pa. O.C. Rule 2.4 .......................................................OC-02

   3.   Guardianship of Incapacitated Person: Petition for Adjudication /Statement of Proposed Distribution Pursuant to Pa. O.C. Rule 2.4 ...........................OC-03

   4.   Guardianship of Minor: Petition for Adjudication /Statement of Proposed Distribution Pursuant to Pa. O.C. Rule 2.4 ...........................................OC-04

   5.   Principal's Estate (Under Power of Attorney): Petition for Adjudication/Statement of Proposed Distribution Pursuant to Pa. O.C. Rule 2.4 ...........................................................................OC-05

   6.   Notice of Charitable Gift (In Accordance with Pa. O.C. Rule 4.4) .........OC-06

   7.   Notice of Claim .................................................................OC-07

B.   Guardianship Forms

   1.   Important Notice - Citation with Notice (Pa. O.C. Rule **[14.5] 14.2**) ......... G-01

   2.   **[Annual]** Report **[-] of** Guardian of **the** Estate ...................................... G-02

   3.   **[Annual]** Report **[-] of** Guardian of **the** Person ...................................... G-03

   4.   Guardian's Inventory **for a Minor** .......................................................... G-04

**5.  Guardian's Inventory for an Incapacitated Person ……………………G-05**

[5]**6**.  Guardianship of Incapacitated Person: Petition for Adjudication/Statement of Proposed Distribution Pursuant to Pa. O.C. Rule 2.4 …………...... OC-03*

[6]**7**.  Guardianship of Minor: Petition for Adjudication/Statement of Proposed Distribution Pursuant to Pa. O.C. Rule 2.4 …………………………… OC-04**

**8.  Expert Report …………………………………………………...…. G-06**

**9.  Notice of Filing ……………………………..………………………… G-07**

C.    Abortion Control Act Forms

1.    Minor's Application for Judicial Authorization of an Abortion (Pa. O.C. Rule 16.10) ...................................................ACA-01

2.    Confidential Unsworn Verification by a Minor (Pa. O.C. Rule 16.10) ...ACA-02

---

*    Form OC-3 is not reprinted here and is located under Audit and Administration Forms at No. 3.

** Form OC-4 is not reprinted here and is located under Audit and Administration Forms at No. 4.

D.   Register of Wills Forms

    1.   Estate Information Sheet ................................................................ RW-01
       (Not adopted by Supreme Court; form promulgated by Department of
       Revenue and maintained with Register of Wills forms for convenience)

    2.   Petition for Grant of Letters .................................................... RW-02

    3.   Oath of Subscribing Witness(es) ............................................ RW-03

    4.   Oath of Non-subscribing Witness(es) .................................... RW-04

    5.   Oath of Witness(es) to Will Executed by Mark………..... .................... RW-05

    6.   Renunciation ........................................................................ RW-06

    7.   Notice of Estate Administration Pursuant to Pa. O.C. Rule 10.5 ….….RW-07

    8.   Certification of Notice under Pa. O.C. Rule 10.5 ................................. RW-08

    9.   Inventory ............................................................................. RW-09

  10.   Pa. O.C. Rule 10.6 Status Report ...................................... RW-10


E.   Model Forms of Account

    1.   National Fiduciary Accounting Standards Project –
       1983 Report of Fiduciary Accounting Standards Committee

    2.   Model Estate Account

    3.   Model Trust Account

    4.   Model Charitable Remainder Unitrust Account


F.   Adoption Forms

    1.   Notice of Orphans' Court Proceedings to be Filed With Clerk in Dependency
       Proceeding by Solicitor of County Agency (Pa. O.C. Rule 15.6(b)

       a.   Praecipe to Clerk in Dependency Proceeding of Filing of a Petition to
          Terminate Parental Rights, Confirm Consent, or Adopt

       b.   Praecipe to Clerk in Dependency Proceeding of Entry of Decision
          Disposing of Petition

       c.   Praecipe to Clerk in Dependency Proceeding of Filing of Notice of Appeal

d.  Praecipe to Clerk in Dependency Proceeding of Entry of Decision Disposing of Appeal

2.  Foreign Adoption Forms

a.  Form for Registration of Foreign Adoption Decree (Pa. O.C. Rule 15.8), including Instructions for Filing Petition, Petition to Register Foreign Adoption Decree, and Proposed Final Decree

b.  Form Petition for Adoption of a Foreign Born Child (Pa. O.C. 15.9), including the Petition for Adoption of a Foreign Born Child, Report of the Intermediary, Verification of Translator, Preliminary Decree, and Final Decree